**NEW YORK LIFE INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**Noel B. BAUM and Media Sales and Marketing, Inc., Defendants-Appellants.**

**No. 82–2086.**

United States Court of Appeals, Fifth Circuit.

June 27, 1983.

---

Robin C. Gibbs, Debora Ratliff, Houston, Tex., for Baum.

John A. Bailey, Tara L. Wall, Houston, Tex., for Media Sales & Marketing, Inc.

Baker & Botts, Richard L. Josephson, Tom Adolph, Houston, Tex., for plaintiff-appellee.

ON PETITIONS FOR REHEARING

(Opinion Feb. 14, 1983, 5th Cir.1983,
700 F.2d 928)

Before CLARK, Chief Judge, THORNBERRY and POLITZ, Circuit Judges.

PER CURIAM:

IT IS ORDERED that the petition for rehearing filed by New York Life Insurance Company in the above entitled and numbered cause be and the same is hereby DENIED.

IT IS ORDERED that the petition for rehearing filed by Media Sales and Marketing, Inc. ("Media Texas") in the above entitled and numbered cause be and the same is hereby GRANTED.

In its petition for rehearing, Media Texas has suggested that the panel had evaluated the evidence in this case under the wrong standard, pointing out the opinion's application of the clearly erroneous standard to findings of fact made by the district court in a summary judgment proceeding. Because the proper standard for evaluating findings of fact on motions for summary judgment is that set out in Rule 56(c) of the Federal Rules of Civil Procedure, we have granted the petition for panel rehearing. *See Waganer v. Sea-Land Service, Inc.*, 486 F.2d 955, 960 (5th Cir. 1973); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2575, at 692–3 (1971).

We have reviewed the record in this case and have carefully and critically evaluated the evidence to determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c). After considering and evaluating the evidence in this light, we adhere to our reversal of the district court in all issues concerning New York Life, but we delete the last three paragraphs in our prior opinion dealing with Media Texas, beginning with "On appeal, findings of fact will not ...," 700 F.2d at 935, and substitute the following in their stead.

"The record contains evidence that Baum, Cook, and Cutler at one point contemplated incorporation in Texas. The record, however, contains conflicting testimony as to the events surrounding that incorporation. While Baum argues that the Texas incorporation occurred without his knowledge or consent, and had the effect of cutting him off completely from the venture, Cutler testified that Baum did in fact agree to the incorporation of Media Texas. We cannot at this point resolve this factual

dispute. Baum argues that this dispute is not material, because at the time he substituted Media Sales and Marketing, Inc. for himself as the beneficiary of the policy, he clearly had in mind the putative Louisiana corporation of the same name. We do not view this dispute as immaterial. The evidence shows that Media Texas incorporated on December 20, 1973, and that the amendment to the insurance contract (changing the name of the beneficiary to Media Sales and Marketing, Inc.) was signed on December 31, 1973. The amendment was signed by Cook, one of the incorporators of Media Texas. Cutler testified that the Texas incorporation was carried out with Baum's consent. This raises a question of fact as to Baum's intent in changing the name of the beneficiary. Although there is strong evidence to support Baum's claim, we cannot hold as a matter of law that he is entitled to the proceeds of the insurance policy. Accordingly, we remand the case to the district court. On remand, the court should address and enter findings of fact and conclusions of law on *at least* the following issues: (1) Did Media Texas have an insurable interest in the life of Cook? The district court should reach this issue even if New York Life should decide not to participate in the proceedings on remand. In determining this issue, the district court should take into account the following factors: (a) whether, as an apparent non-functioning corporate shell, Media Texas could under New York law have an insurable interest in the life of Cook; (b) whether stock was issued by the corporation, and (c) any other factors that may be relevant to this inquiry. (2) The district court should next determine whether at the time he substituted Media Sales and Marketing, Inc. for his name as the policy beneficiary, Baum intended the beneficiary to be Media Texas. In reaching its determination, the district court should bear in mind that: (a) Baum's name did not appear on the documents incorporating Media Texas, even though he was to finance the contemplated venture (at least in the beginning); (b) Media Texas apparently never issued any stock to Baum; (c) Baum denies that Media Texas is in fact the Texas corporation that he envisioned; (d) attorneys other than those Baum or his attorney dealt with in Texas handled the incorporation of Media Texas; (e) Cutler was apparently unaware of the existence of the life insurance policy until after Cook's death; (f) Baum paid all the premiums on the policy, had possession of the policy, and was apparently the first to contact New York Life, and the first to sue for the benefits under the policy; (g) Baum initially designated himself as the beneficiary of the policy, and only changed the identity of the beneficiary at the insistence of New York Life; and (h) Cook apparently knew that Baum was the intended beneficiary on the life insurance policy.

"These lists of factors are not meant to preclude consideration by the district court of any other factor or issue that may be relevant to its inquiry. We intimate no opinion on any of these matters.

"IV. *Conclusion:*

"For the reasons stated above, the judgment of the district court is reversed, and the case is remanded for proceedings consistent with this opinion."